

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. **CR 1 02 157-3** |
| v. | : | **I N D I C T M E N T** |
| | : | 18 U.S.C. § 2 |
| | : | 21 U.S.C. § 841(a)(1) |
| KAREEM COLE | : | 21 U.S.C. § 841(b)(1)(B)&(D) |
| DAVID JONES | : | 21 U.S.C. § 846 |
|   aka Paul Burke | : | 21 U.S.C. § 853 |
|   aka Phillip Davidson | : | |
| STEVEN RENNICK, SR. | : | |
| STEVEN RENNICK, JR. | : | |
| MATTHEW ELLIOT | : | |
| EDDIE MOORE | : | **DLOTT** |

The Grand Jury charges that:

### COUNT 1

Beginning from in or about January 2002, the exact date being unknown to the grand jury, and continuing up to and including October 16, 2002, in the Southern District of Ohio, and elsewhere, **KAREEM COLE, DAVID JONES aka Paul Burke aka Phillip Davidson, STEVEN RENNICK, SR., STEVEN RENNICK, JR., MATTHEW ELLIOT** and **EDDIE MOORE**, the defendants herein, and others did knowingly, willfully, intentionally, and unlawfully combine, conspire, confederate, and agree, and have a tacit understanding with each other, to commit offenses against the United States, to wit: to knowingly, willfully, intentionally and unlawfully distribute and possess with intent to distribute a Schedule I controlled substance, namely in excess of one hundred (100)

kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

It was a part of the conspiracy that **KAREEM COLE** and **DAVID JONES aka Paul Burke aka Phillip Davidson** would arrange to purchase marijuana from outside the Southern District of Ohio for sale to **STEVEN RENNICK, SR., STEVEN RENNICK, JR., MATTHEW ELLIOT, EDDIE MOORE** and others in the Southern District of Ohio.

It was further a part of the conspiracy that **KAREEM COLE** and **DAVID JONES aka Paul Burke aka Phillip Davidson** would arrange to have marijuana transported by motor vehicle from Arizona to the Southern District of Ohio by **STEVEN RENNICK, SR.**

It was further a part of the conspiracy that its members would store large quantities of marijuana and U.S. currency, the proceeds of marijuana sales, in their homes and other locations.

In furtherance of the conspiracy and in order to accomplish its objectives, the defendants committed, among others, the following;

### OVERT ACTS

1. On or about July 23, 2002, Steven Rennick, Sr. purchased a Freightliner tractor in Arizona for $88,000.00 to be used for the transportation of marijuana.

2. On or about October 15, 2002, Kareem Cole, David Jones aka Paul Burke aka Phillip Davidson, Steven Rennick, Sr. and Steven Rennick, Jr. stored approximately 500 pounds of marijuana in a warehouse in Cincinnati, Ohio.

2

3. On or about October 15, 2002, Matthew Elliot and Eddie Moore obtained approximately 50 pounds of marijuana from the same warehouse in Cincinnati, Ohio.

4. On or about October 15, 2002, Matthew Elliot and Eddie Moore stored approximately 30 pounds of marijuana in a residence in Norwood, Ohio.

5. On or about October 16, 2002, Kareem Cole and David Jones aka Paul Burke aka Phillip Davidson possessed approximately 25 pounds of marijuana in the trunk of an automobile in Cincinnati, Ohio.

6. On or about October 16, 2002, Kareem Cole and David Jones aka Paul Burke aka Phillip Davidson possessed approximately $50,000.00 in U.S. currency and scales to weigh marijuana at their residence in Cincinnati, Ohio.

All in violation of 21 U.S.C. § 846.

## COUNT 2

On or about October 15, 2002, in the Southern District of Ohio, **KAREEM COLE, DAVID JONES aka Paul Burke aka Phillip Davidson, STEVEN RENNICK, SR.**, and **STEVEN RENNICK, JR.**, the defendants herein, did knowingly, wilfully, intentionally, and unlawfully distribute approximately 50 pounds of marijuana, a Schedule I Controlled Substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2.

## COUNT 3

On or about October 15, 2002, in the Southern District of Ohio, **MATTHEW ELLIOT** and **EDDIE MOORE**, the defendants herein, did knowingly, wilfully, intentionally, and unlawfully possess with intent to distribute approximately 30 pounds of marijuana, a Schedule I Controlled Substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2.

## COUNT 4

On or about October 16, 2002, in the Southern District of Ohio, **KAREEM COLE, DAVID JONES aka Paul Burke aka Phillip Davidson** and **STEVEN RENNICK, SR.**, the defendants herein, did knowingly, wilfully, intentionally, and unlawfully possess with intent to distribute approximately 450 pounds of marijuana, a Schedule I Controlled Substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.

## COUNT 5

On or about October 16, 2002, in the Southern District of Ohio, **KAREEM COLE** and **DAVID JONES aka Paul Burke aka Phillip Davidson**, the defendants herein, did knowingly, wilfully, intentionally, and unlawfully possess with intent to distribute approximately 25 pounds of marijuana, a Schedule I Controlled Substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2.

## **FORFEITURE COUNT**

### (COUNT 1)

Pursuant to 21 U.S.C. § 853(a), as a result of the violation in Count 1, the defendants shall forfeit to the United States:

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### Substitute Assets

Pursuant to 21 U.S.C. § 853(p), if any of the property that is forfeitable to the United States under 21 U.S.C. § 853(a) for violation of Count 1,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any

5

other property of the defendants up to the value of any property described in paragraphs (1) through (5) immediately above.

A True Bill.

_____
Grand Jury Foreperson

GREGORY G. LOCKHART
United States Attorney

_____
RALPH W. KOHNEN
Deputy Criminal Chief